# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 1:11-CR-20238-JLK

**UNITED STATES OF AMERICA**

vs.

**EMILIO SUAREZ,**

       **Defendant.**

_____/

## **FACTUAL PROFFER**

The United States would have proven the following facts beyond a reasonable doubt if this case proceeded to trial:

1. In late February 2011, a fraud investigator from American Express contacted the Secret Service about three high-end fraudulent purchases that were made using stolen American Express credit card numbers. These purchases included: (1) a $10,438 Seadweller Deep Sea watch from Mayors Jewelers in the Miami International Mall, on January 8, 2011; (2) a $1,672.72 purchase of cigars from Neptune Cigars, located in Miami, Florida, on January 10, 2011; and (3) a $32,395.90 Yachtmaster watch from the same Mayors Jewelers on February 25, 2011. The fraud investigator indicated that the common point of compromise for these credit card numbers was a business known as The Collection. The Collection is a high-end car dealership based in Miami, Florida.

2. The agents next contacted the security manager for Mayors Jewelers to determine whether security video for the fraudulent purchases listed above existed. The security manager provided the agents with security videos for both sales transactions. These videos clearly showed the person later identified as the defendant buying both watches from the same salesperson. Based on this information, agents interviewed the salesperson. The salesperson informed the agents that

during the February 25, 2011, transaction he became suspicious of the defendant, because the defendant provided three different credit cards before the final credit card was approved for the sale. The salesperson indicated that each credit card was in the defendant's name and matched the driver's license that the defendant provided to the salesperson. Nonetheless, the salesperson made a photocopy of the defendant's driver's license and credit card, which he provided to the agents. Receipts from these transactions also showed that the credit card number used for the January 8th purchase was American Express card number X1002, while the American Express card number used on February 25th was X2002.

3. Following the interview, the agents examined the information listed on the driver's license provided by the defendant to Mayors Jewelers. The agents determined that the defendant submitted a fraudulent Michigan driver's license, which listed the name "Emilio Suarez." However, when the agents entered this name into the Florida DMV database, the database revealed that this name belonged to the defendant. It also showed that the defendant's Florida driver's license photograph matched the photograph on the fraudulent Michigan driver's license and the identity of the person on the Mayors Jewelers security video.

4. After identifying the defendant, the agents investigated the fraudulent purchase made at Neptune Cigars. The agents visited the cigar shop and interviewed the owner of the store. The owner explained to the agents that he recalled this specific sale, because the customer came back to the store two days after the purchase to dispute the bill. The customer complained that he had been provided the wrong box of cigars, and the owner corrected the discrepancy. The owner told the agents that the store did not have any security video of the transaction. The owner, however, positively identified the defendant from a photographic lineup provided by the agents. The owner

also provided the agents with a copy of the receipt, which showed the defendant used American Express credit card number X1002 (the same card used to make the January 8th purchase at Mayors).

5. Following this interview, Secret Service agents contacted the victims identified in this case (R.A.B. for card number X1002 and J.M.L. for card number X2002). The victims indicated that they had never met the defendant and did not authorize the defendant to use their credit cards.

6. On April 8, 2011, the defendant was arrested in connection with this case. Following his arrest, the defendant voluntarily agreed to speak with agents. The defendant confessed to making the fraudulent purchases described above. The defendant also admitted that he knew the credit card numbers he used to make these fraudulent purchases (*i.e.*, X1002 belonging to R.A.B. and X2002 belonging to J.M.L.) belonged to real people.

7. Finally, American Express, the credit card company impacted by this fraud, conducted business throughout the United States.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 7/1/11   By: _____
JAMIE M. McCALL
ASSISTANT UNITED STATES ATTORNEY

Date: 7/1/11   By: _____
JOAQUIN E. PADILLA
ATTORNEY FOR DEFENDANT

Date: 7/1/11   By: _____
EMILIO SUAREZ
DEFENDANT

3